STEVEN K. EISENBERG, ESQUIRE
STERN AND EISENBERG PC
1581 MAIN STREET, SUITE 200
WARRINGTON, PENNSYLVANIA 18976
TELEPHONE: (215) 572-8111
FACSIMILE: (215) 572-5025
(COUNSEL FOR PLAINTIFF(S))

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>    E. Wayne Pocius<br>        (Debtor(s))<br>-------------------------------------------------<br>Kevin Bieros<br>    (Plaintiff/Creditor)<br>and<br>Robert H. Holber, Chapter 7 Trustee<br>    v.<br><br>Edward W. Pocius<br>    (Defendant(s)/Debtor(s)) | Chapter 7<br><br>Bankruptcy Case Number: 12-19380 ELF<br><br><br>Adversary Complaint Number: |

**ADVERSARY COMPLAINT**

And now, Creditor, Kevin Bieros, by and through his counsel, Stern and Eisenberg PC, and the Chapter 7 Trustee, Robert H. Holber, hereby alleges as follows:

1. Plaintiff, Kevin Bieors (hereinafter referred to as "Bieros"), is an individual residing in the Commonwealth of Pennsylvania and is a secured creditor of the Debtor/Defendant.

2. Defendant, Edward W. Pocius (hereinafter referred to as "Pocius" and/or "Defendant"), is an adult individual residing at or otherwise conducting business from 1340 Zipp Road, Pennsburg, Pennsylvania 18073.

3. On October 2, 2012, Defendant filed for protection under Chapter 11 of the United States Bankruptcy Code, which case was converted to a Chapter 7 on December 12, 2012.

*Jurisdiction*

4. Pursuant to 28 U.S.C. 157, 1334, et. seq., 18 U.S.C. 157, Bankruptcy Rule 7001(4), (6), et. al. and Title 11 this Court has jurisdiction over the instant matter as it involves core proceedings of the estate, involves property of the estate, as to specific areas set forth under 28 U.S.C. 157(b)(2) involves; (F), (H), (I), (J), (O) and any provision as may be implicated pursuant to the allegations set forth in this Complaint as well as any other related pleading.

5. To the extent each ground for non-dischargeability may need a separate count, then each ground shall be considered to be raised separately as a subpart to the relevant count.

*Common Facts*

6. On February 18, 2010, Bieros obtained a judgment against Defendant in the amount of $1,014,501.60 as more fully set forth in the proof of claim filed by Bieros in the instant case.

7. In furtherance of enforcement of the judgment, Bieros undertook to levy upon the assets of Pocius, including, but not limited to well in excess of 260 trophy/animal heads ("Trophies").

8. In opposition to the execution proceedings, Pocius produced a UCC lien filing allegedly provided a security interest against the Trophies and setting a value for the Trophies of in excess of $800,000.00.

9. Ultimately, the State Court, as more fully set forth in the Proof of Claim, determined that the UCC filing was not valid and struck said filing, such that the levy by Bieros was and is a valid first lien.

10. Bieros scheduled a sheriff sale of the Trophies, which precipitated the instant bankruptcy filing.

11. Many of the valuable Trophies are now subject to various trade restrictions such that they can only be sold with appropriate paperwork (or as may be allowed by the Court).

12. On November 19, 2012, a first meeting of creditors under the Chapter 11 proceeding was held.

13. At the 11/19/2012 meeting, Pocius testified that he legally imported all of the Trophies and possessed the paperwork to prove the legality of the Trophies ("Documentation").

14. Pocius also testified as to having various other sources of income, including use of vehicles, through companies that are related to Pocius's prior endeavors.

15. The Documentation that Pocius had/has is required to appropriately liquidate the Trophies.

16. Pocius knows that by not providing the documentation he is interfering with and preventing the orderly liquidation of the assets and is in effect destroying, concealing and otherwise acting with intent to hinder, delay or defraud the estate and creditor(s).

17. After the case was converted to a Chapter 7, the Chapter 7 Trustee sought to review the Trophies with hearing, Pocius refused access and forced the trustee to file an appropriate motion with the Court.

18. It is believed that Pocius has also failed to disclose assets with other attorneys representing him either directly or indirectly with the intent to hinder, delay and/or defraud the trustee and creditors.

19. To the extent Pocius has tried to or made transfers to other individuals to frustrate the purpose of the Trustee, there are also grounds to deny discharge.

20. It is believed that the Defendant has intentionally acted to conceal assets by transferring them to other family members in an attempt to hinder, defraud and delay creditors' efforts.

21. Defendant's wife filed for Bankruptcy previously and essentially disclosed no assets other than fully encumbered secured assets.

## COUNT II – DENIAL OF DISCHARGE

22. Paragraphs 1 through 21 are hereby incorporated by reference.

23. The Defendant should not be granted a denial of discharge for violation of 727(a)(2), (3), (4), (6), (7) and all other applicable provisions.

24. While the Defendant has made certain representations as to the assets owned and ability to make payments, it is believed that he has misrepresented his income and assets, both presently, as well as past income and assets.

25. Defendant has significant revenues that have not been disclosed as well as assets that he has accumulated either in his name or through fraudulently transferring assets into other names, which transfers which can and should be undone.

26. Defendant has intentionally destroyed or damaged assets in order to prevent their transfer and sale as more fully set forth above.

27. Pursuant to 11 USC 727(a)(2), (3), (4), et. al. the Defendant has acted in a course of conduct such that he should not be granted a discharge.

Wherefore, Plaintiffs requests that Defendant be denied a discharge pursuant to 11 USC 727 and that Plaintiffs be awarded any fees and costs, and such other amounts and relief as may be allowed under the law against Defendant.

## COUNT III

28. Paragraphs 1 through 27 are hereby incorporated by reference.

29. To the extent the damages inflicted upon Plaintiff are recoverable against other entities unnamed as Defendants as a result of the Defendant's actions, Plaintiffs will seek permission of the Court to join any such parties as Defendants.

Wherefore, Plaintiffs requests that Defendant be denied a discharge pursuant to 11 USC 727 and that Plaintiffs be awarded any fees and costs, and such other amounts and relief as may be allowed under the law against Defendant and that all transfers made to hinder, delay or otherwise defraud the Estate and Creditors be undone.

                                                Respectfully submitted,

                        By:    /s/ Steven K. Eisenberg
                               Steven K. Eisenberg, Esquire
                               Attorneys for Plaintiff(s)

Date: July 3, 2013