**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
|     EDWARD W. POCIUS, | : | |
| Debtor. | : | Bky. No. 12-19380 ELF |
| | : | |
| KEVIN BIEROS, | : | |
|     Plaintiff, | : | |
| v. | : | Adv. No. 13-0380 |
| EDWARD WAYNE POCIUS, | : | |
|     Defendant. | : | |

# M E M O R A N D U M

### I.

In this adversary proceeding, Plaintiff Kevin Bieros ("the Plaintiff") requests that the court deny the chapter 7 discharge of the debtor, Edward W. Pocius ("the Debtor") pursuant to 11 U.S.C. §727(a)(2), (3), (4), (6), (7). The Debtor has filed a Motion to Dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) ("the Motion to Dismiss").[1]

For the reasons set forth below, the Motion will be granted and the Plaintiff's Complaint dismissed with prejudice.

---

[1] Fed. R. Civ. P. 12(b)(6) is applicable in this adversary proceeding pursuant to Fed. R. Bankr. P. 7012(b).

-1-

**II.**

On October 2, 2012, the Debtor filed a voluntary chapter 11 bankruptcy petition. The case was converted to chapter 7 on December 12, 2012. The Plaintiff filed an adversary complaint ("the Complaint") objecting to the Debtor's discharge on July 3, 2013.

In the Complaint, the Plaintiff alleges that he obtained a money judgment against the Debtor on February 18, 2010 in the amount of $1,014,501.60 and that this bankruptcy case was filed just prior to a scheduled execution on the judgment (i.e., a personal property sheriff's sale) against the Debtor's personal property. The Plaintiff asserts that the Debtor's personal property includes a valuable trophy/animal head collection ("the Trophies"). The Plaintiff further alleges that, during the course of the chapter 7 case, the Debtor obstructed the chapter 7 trustee's efforts to administer the Trophies. (Complaint ¶11-17). Finally, without specificity, the Plaintiff asserts that: (a) the Debtor "failed to disclose assets" and (b)"to the extent" the Debtor "tried to or made transfers . . . to frustrate the purpose of the Trustee, there are grounds to deny discharge." (Id. ¶18-19).

On August 30, 2013, the Debtor filed the Motion to Dismiss. The parties's completed their submissions on the Motion on October 1, 2013 and the matter is now ready for decision.

**III.**

The Debtor seeks dismissal on the ground that the Complaint is untimely under Fed. R. Bankr. P. 4004.[2] Rule 4004(a) provides:

---

[2] The statute of limitations is not listed in Rule 12(b) as a defense that may be raised in a motion to dismiss. Thus, "[t]echnically, the Federal Rules of Civil Procedure require that affirmative
(continued...)

> In a chapter 7 case, a complaint, or a motion under § 727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).

Rule 4004(b) also provides that an extension of time to object to discharge must be requested before the expiration of the deadline, unless it is based on facts that would support a revocation of discharge under 11 U.S.C. §727(d) and the movant did not have knowledge of those facts in time to file a timely objection.  See also Fed. R. Bankr. P. 9006(b)(3) (restricting the court's ability to enlarge the time for filing an objection to discharge to the extent specified in Rule 4004).

Read together, Rules 4004 and 9006

> serve three primary purposes. First, they inform the pleader, i.e., the objecting creditor, of the time he has to file a complaint. Second, they instruct the court on the limits of its discretion to grant motions for complaint-filing-time enlargements. Third, they afford the debtor an affirmative defense to a complaint filed outside the Rules 4004(a) and (b) limits.

Kontrick v. Ryan, 540 U.S. 443, 456 (2004).

In this case, the §341 meeting of creditors was first scheduled for January 28, 2013. Therefore, the deadline for filing objections to discharge was March 29, 2013.  Notice of the meeting of creditors, which advised creditors of the March 29, 2013 deadline, was sent to the Plaintiff's counsel electronically via the court's ECF system on January 3, 2013 and by first class

---

[2](...continued)
defenses [such as the statute of limitations] be pleaded in the answer." In re Aslansan, 490 B.R. 675, 684 (Bankr. E.D. Pa. 2013) (quoting Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002)).  However, in this Circuit, a limitations defense may be made by Rule 12(b)(6) motion if the limitations bar is apparent on the face of the complaint. Id. (citing Robinson, 313 F.3d at 135); accord Brawner v. Educ. Mgmt. Corp., 513 F. App'x 148 (3d Cir. 2013).  In this case, all of the facts necessary to decide the Motion are apparent from the face of the Complaint and the court docket.

mail on January 5, 2013. (See Bky. No. 12-19380, Doc. #'s 78, 80). The Plaintiff has not asserted that he was unaware of the deadline.

The Plaintiff filed his Complaint on July 3, 2013, more than three (3) months after the expiration of the deadline. Thus, the Complaint was untimely. An untimely filed complaint objecting to discharge must be dismissed upon the defendant's motion.[3]

The Plaintiff seeks to avoid dismissal by way of a negative implication distilled from Fed. R. Bankr. P. 4007(c). Rule 4007(c) provides that a complaint to determine dischargeability under 11 U.S.C. §523(c) must be filed within 60 days of the first date set for the meeting of creditors. Section 523(c) refers to **dischargeability complaints** under 11 U.S.C. §523(a)(2), (4), and (6). Based on Rule 4007(c), the Plaintiff seems to reason that the only complaints relating to a debtor's discharge that must be filed within the 60 day deadline are complaints under §523(a)(2), (4), and (6) and therefore, a complaint under §727(a) is not subject to a 60 day filing deadline.[4]

---

[3] See In re Miller, 228 B.R. 399 (B.A.P. 6th Cir. 1999); In re Hill, 251 B.R. 816, 820-21 (Bankr. N.D. Miss. 2000); In re Kearney, 105 B.R. 260, 266 (Bankr. E.D. Pa. 1989); see also In re Bugarenko, 373 B.R. 394, 399-400 (Bankr. E.D. Pa. 2007) (refusing to vacate discharge order because filing complaint objecting to discharge would be futile due to its untimeliness); In re MacKay, 324 B.R. 566, 569 (Bankr. M.D. Pa. 2005) (same), aff'd, 253 F. App'x. 244 (3d Cir. 2007); cf. Kontrick, 540 U.S. at 458-459 (time bar defense under Rule 4004 is lost if not raised by the defendant).

[4] The Plaintiff has not asserted that the 60 day deadline in Rule 4004(a) can be equitably tolled and that there is a basis for doing so here (perhaps because the record is so clear that his attorney had ample notice of the March 29, 2013 deadline). I note that courts are divided on the issue whether the Rule 4004 deadline may be equitably tolled. Compare In re Rychalsky, 318 B.R. 61, 63-64 (Bankr. D. Del. 2004), with In re Harper, 489 B.R. 251, 257-58 (Bankr. N.D. Ga. 2013) (decided under Rule 4007); In re Eaton, 327 B.R. 79, 83 (Bankr. D.N.H. 2005). See generally In re Fellheimer, 443 B.R. 355, 373 (Bankr. E.D. Pa. 2010) (in case under Rule 4007, court assumes arguendo that Rule 4004(a) deadline can be equitably tolled, but finding it inappropriate to do so based on the facts of the case). I express no opinion on the issue.

The Plaintiff's argument is without merit. He conflates **discashargeability of a particular debt** with an **objection to discharge**. "Dischargeability" and "objections to discharge" are two (2) distinct proceedings, with different outcomes (nondischargeability of a single debt versus nondischargeability of all debts). They are based on different Bankruptcy Code provisions (§523(a) versus §727(a)). And, most significantly for our purposes, the two (2) types of proceedings are governed by different procedural rules (Rule 4007 versus Rule 4004). Simply put, Rule 4007 has no applicability whatsoever to an objection to discharge; such a proceeding is governed solely by Rule 4004. See In re Saunders, 440 B.R. 336, 349 (Bankr. E.D. Pa. 2006) (observing that Rule 4004 governs the deadline for filing complaints under §727(a) while Rule 4007 applies to complaints under §523(a)). Rule 4004 sets a 60 day deadline for objections to discharge, that deadline applies here and the Plaintiff's Complaint was filed after the expiration of the deadline.

### IV.

For the reasons set forth above, the Plaintiff's Complaint is untimely. Therefore, the Motion to Dismiss will be granted and the Complaint dismissed with prejudice.[5]

**Date: October 24, 2013**

                    **ERIC L. FRANK**
                    **CHIEF U.S. BANKRUPTCY JUDGE**

---

[5] After granting motion to dismiss complaint under Rule 12(b)(6), a court should grant plaintiff leave to amend "unless an amendment would be inequitable or futile." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, an amendment would be futile.